UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES CASPER and<br>MARY CATHERINE CASPER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No.: 3:13-CV-411-TAV-HBG |
| CLAIBORNE COUNTY, TENNESSEE,<br>SHERIFF DAVID RAY, individually and in<br>his official capacity as a employee of the<br>CLAIBORNE COUNTY SHERIFF'S<br>DEPARTMENT, STEVE CLINE, individually<br>and in his official capacity as a employee of<br>the CLAIBORNE COUNTY SHERIFF'S<br>DEPARTMENT, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action arises out of the execution of a search warrant and the subsequent arrest and incarceration of plaintiff James Casper [Doc. 1]. Plaintiffs assert claims against defendants under to 42 U.S.C. § 1983 and under state law, specifically the Tennessee Governmental Tort Liability Act ("TGTLA") [*Id.*].

Before the Court is defendants' Motion for Partial Dismissal [Doc. 6]. Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendants move the Court to decline to exercise jurisdiction over plaintiffs' state-law claims and to dismiss plaintiffs' official-capacity claims because Claiborne County has been named as a defendant. Plaintiffs did not respond to the motion and the time for doing so has passed.

*See* E.D. Tenn. L.R. 7.1; E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

It is undisputed that the Court has federal question jurisdiction over plaintiff's § 1983 claim and that the Court may exercise supplemental jurisdiction over the state-law claim under 28 U.S.C. § 1367. The Sixth Circuit Court of Appeals, however, has held that "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts" and that this preference "is an exceptional circumstance for declining jurisdiction." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). For reasons explained in *Cass v. Tennessee Valley Authority*, Case No. 3:10-cv-307-TAV-CCS [Doc. 49], the Court finds declining to exercise jurisdiction over plaintiffs' TGTLA claims in this case is appropriate.

The Court also finds it appropriate to dismiss plaintiffs' official-capacity claims as redundant. Pursuant to federal law, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Claiborne County, Tennessee, is a defendant in this action and has thus received notice of the claims against it.

Accordingly, for the reasons explained herein, the Court will **GRANT** defendants' Motion for Partial Dismissal [Doc. 6] and **DISMISS** plaintiff's TGTLA claims as well as the claims against Sheriff David Ray and Steve Cline in their official capacities.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE